IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNELLE RIPKA and JOHN RIPKA, JR., her husband,**<br><br>**PLAINTIFFS,**<br>V.<br><br>**THYSSENKRUPP ELEVATOR CORPORATION**<br><br>and<br><br>**TK ELEVATOR CORPORATION,**<br><br>**DEFENDANTS.** | **CIVIL ACTION – LAW**<br><br>**JURY TRIAL DEMANDED**<br><br>**NO.:** |

## COMPLAINT

AND NOW COME the Plaintiffs, Dennelle Ripka and John Ripka, Jr., by and through their legal counsel, Fellerman & Ciarimboli Law, P.C., to hereby bring this action against the Defendants, Thyssenkrupp Elevator Corporation and TK Elevator Corporation, and in support thereof aver as follows:

### PARTIES

1. Plaintiff, Dennelle Ripka (hereinafter "Plaintiff" or "Mrs. Ripka"), is a competent adult individual who resides at 27 Newport Street, Glenn Lyon, Luzerne County, Pennsylvania 18617.

2. Plaintiff, John Ripka, Jr., is a competent adult individual who resides at 27 Newport Street, Glenn Lyon, Luzerne County, Pennsylvania 18617.

3. At all times relevant hereto, Plaintiff, John Ripka, Jr. was the legal spouse of Plaintiff, Dennelle Ripka.

4. Defendant, Thyssenkrupp Elevator Corporation ("Thyssenkrupp"), is a foreign business corporation organized under the laws of Delaware and registered to conduct business within the Commonwealth of Pennsylvania.

5. Thyssenkrupp's corporate headquarters is located at 11605 Haynes Bridge Road, Suite 650, Alpharetta, Georgia 30009.

6. Defendant, TK Elevator Corporation ("TK Elevator"), is a foreign business corporation organized under the laws of Delaware and registered to conduct business with the Commonwealth of Pennsylvania.

7. TK Elevator's corporate headquarters is located at 11605 Haynes Bridge Road, Suite 650, Alpharetta, Georgia 30009.

8. Upon information and belief, in and around March 2021, Thyssenkrupp executed an amendment changing their corporate name to TK Elevator Corporation[1].

9. At all relevant times hereto, Mrs. Ripka was employed by the Wilkes-Barre Veterans Affairs Hospital (WBVA).

---

[1] See https://www.tkelevator.com/us-en/company/about-us/ ("Effective immediately, we are changing our name from thyssenkrupp Elevator to TK Elevator.)

10. At all relevant times hereto, Defendants were responsible for the maintenance, inspection and repair of the elevators, specifically service elevator number eight (8) within the WBVA.

11. At all relevant times hereto, Mrs. Ripka acted with due care and in no way caused or contributed to the incident that forms the basis of this lawsuit.

12. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

13. Venue is appropriate in this court pursuant to 28 U.S.C. §1391(b)(2).

## OPERATIVE FACTS COMMON TO ALL COUNTS

9. The preceding paragraphs are incorporated herein as though fully set forth below.

10. On August 9, 2019, Mrs. Ripka entered the number (8) service elevator ("Elevator") at the WBVA while acting in the course and scope of her employment.

11. On the aforementioned date, Mrs. Ripka entered the Elevator on the fourth (4th) floor intending to return to her office on the ninth (9th) floor of the WBVA.

12. As the Elevator ascended, it stopped at the eighth (8th) floor and, suddenly and without warning, rapidly plummeted back to the fifth (5th) floor before finally coming to a complete stop.

13. Upon information and belief, Defendants were on notice that Elevator 8 had been malfunctioning since 2015 yet consciously chose to ignore the existence of this dangerous condition in conscious disregard for the health and safety of Mrs. Ripka and others lawfully using the elevator.

14. At all relevant times hereto, Defendants had a contractual obligation to ensure that the WBVA elevators were properly maintained, inspected and repaired.

15. At all relevant times leading up to the incident, Defendants knew or should have known through the exercise of reasonable care that Elevator 8 had a propensity for malfunctioning.

16. At all relevant times leading up to the incident, Defendants were responsible for the maintenance, inspection and repair of the elevators within the walls of WBVA, specifically the Elevator in which Mrs. Ripka was a passenger on the date of the subject incident

17. Defendants failed in their collective duties to ensure that the elevators within WBVA, specifically Elevator 8, were reasonably safe for individuals to occupy and utilize.

18. Defendants were aware of the dangerous condition that existed and otherwise should have warned Mrs. Ripka of said dangerous condition.

19. The carelessness, negligence, and recklessness of Defendants, as described herein, increased the risk of harm to Mrs. Ripka and caused her serious and permanent injuries as more specifically described herein.

20. Defendants were on actual and/or constructive notice that failing to repair and maintain the elevators in WBVA created a dangerous condition which posed a serious threat to the health and safety of individuals utilizing them, including Mrs. Ripka.

21. The failure of Defendants to take the necessary steps to protect individuals such as Mrs. Ripka from this known danger amounted to a conscious disregard for the health and safety of those individuals, including Mrs. Ripka.

22. The improper maintenance and repair of the Elevator caused the dangerous condition to exist, ultimately causing Mrs. Ripka to sustain permanent and life-altering injuries as set forth herein.

23. On multiple occasions throughout 2019, Defendants were alerted to the malfunctioning issues and consciously chose to keep Elevator 8 in full service in conscious disregard for the health and safety of individuals properly utilizing it, including Mrs. Ripka.

24. Defendants wholly failed to inspect, repair, maintain and/or place Elevator 8 out of service when they knew that failing to do so caused an unjustifiably high risk of harm to the employees, patients and visitors of WBVA.

25. The collective failures of the Defendants to inspect, repair, maintain and/or place Elevator 8 out of service caused the serious and life-altering injuries to Mrs. Ripka as described herein.

26. As a direct and proximate result of the Defendants' negligence, carelessness, and/or recklessness, Mrs. Ripka suffered serious injuries, including the following:

    a. Right shoulder sprain/strain;

    b. Right rotator cuff injury;

    c. Right shoulder pain;

    d. Grade 1 anterolisthesis of cervical spine;

    e. Neck sprain/strain;

    f. Cervical sprain/strain;

    g. Cervicalgia;

    h. Straightening of the cervical lordosis;

    i. Right hand numbness;

    j. Headaches;

    k. Anxiety; and

l. Any and all injuries listed within her medical records.

27. As a direct result of the aforementioned injuries and the natural consequences thereof, Mrs. Ripka, at the time of the Complaint being filed, has required treatment from the following healthcare providers:

a. Wilkes-Barre Veterans Affairs Hospital;

b. Penn State Milton S. Hershey Medical Center; and

c. Pro Rehabilitation.

28. As a direct result of the aforementioned injuries and the natural consequences thereof, Mrs. Ripka has sustained physical and mental pain and suffering, all of which have required or will require medical care or treatment.

29. As a direct result of the aforementioned injuries and the natural consequences thereof, Mrs. Ripka has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so in the future.

30. As a direct result of the aforementioned injuries and the natural consequences thereof, Mrs. Ripka has sustained a loss of earning and impairment on her earning capacity and potential in the future.

31. As a direct result of the aforesaid injuries, and the natural consequences thereof, Mrs. Ripka has sustained a loss of everyday pleasures and

enjoyment of life and will continue to suffer the same for an indefinite period of time into the future.

## COUNT I
## NEGLIGENCE / RECKLESSNESS
## DENNELLE RIPKA v. THYSSENKRUPP ELEVATOR CORPORATION

29. The preceding paragraphs are incorporated herein as though fully set forth below.

30. The negligence, carelessness, and/or recklessness of Defendant Thyssenkrupp was the direct and proximate cause of Mrs. Ripka's injuries.

31. The negligence, carelessness and/or recklessness of Defendant Thyssenkrupp includes:

   a. Allowing a dangerous and hazardous condition to exist when Thyssenkrupp knew or should have known Elevator 8 had the propensity to suddenly free fall and/or descend;

   b. Having knowledge, either actual or constructive, of the dangerous condition that existed within Elevator 8 and failing to repair and/or put it out of service in conscious disregard of said knowledge;

   c. Consciously choosing not to properly and adequately repair and/or maintain Elevator 8, when Thyssenkrupp knew or should have known that it had the propensity to suddenly free fall and/or descend;

   d. Failing to properly and/or adequately inspect, maintain and/or repair Elevator 8 in violation of industry standards;

   e. Failing to make repairs which were necessary and proper to ensure the safe operation of Elevator 8;

    f. Failing to ensure that adequate safety mechanisms were installed on Elevator 8;

    g. Failing to warn of the dangerous and hazardous condition which Thyssenkrupp knew or should have known existed within Elevator 8 or otherwise failing to take necessary precautions with respect to said condition to prevent injury;

    h. Failing to warn individuals, including Mrs. Ripka, of the hazardous condition that existed within Elevator 8, which constituted a hazard that Thyssenkrupp knew, or in the exercise of reasonable care, should have discovered in conscious disregard of their duties to Mrs. Ripka and other individuals lawfully at the WBVA;

    i. Recklessly failing to inspect and discover the hazardous and unsafe conditions that existed then and there within Elevator 8;

    j. Knowing or in the exercise of reasonable care failing to know and warn of the dangerous condition, and allowing it to exist in reckless disregard for the safety of Mrs. Ripka; and

    k. Acting or failing to act in conscious disregard of Mrs. Ripka's rights and safety.

32. As a result of the above-stated acts and omissions, Mrs. Ripka has suffered such harm as has been previously stated herein.

**WHEREFORE,** Plaintiff, Dennelle Ripka, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, including compensatory and punitive damages, in an amount in excess of $75,000.

**COUNT II**

**NEGLIGENCE / RECKLESSNESS**

**DENNELLE RIPKA v. TK ELEVATOR CORPORATION**

33. The preceding paragraphs are incorporated herein as though fully set forth below.

34. The negligence, carelessness, and/or recklessness of Defendant TK Elevator was the direct and proximate cause of Mrs. Ripka's injuries.

35. The negligence, carelessness and/or recklessness of Defendant TK Elevator includes:

   a. Allowing a dangerous and hazardous condition to exist when TK Elevator knew or should have known Elevator 8 had the propensity to suddenly free fall and/or descend;

   b. Having knowledge, either actual or constructive, of the dangerous condition that existed within Elevator 8 and failing to repair and/or put it out of service in conscious disregard of said knowledge;

   c. Consciously choosing not to properly and adequately repair and/or maintain Elevator 8, when TK Elevator knew or should have known that it had the propensity to suddenly free fall and/or descend;

   d. Failing to properly and/or adequately inspect, maintain and/or repair Elevator 8 in violation of industry standards;

   e. Failing to ensure that adequate safety mechanisms were installed on Elevator 8;

   f. Failing to warn of the dangerous and hazardous condition which TK Elevator knew or should have known existed within

      Elevator 8 or otherwise failing to take necessary precautions with respect to said condition to prevent injury;

g. Failing to warn individuals, including Mrs. Ripka, of the hazardous condition that existed within Elevator 8, which constituted a hazard that TK Elevator knew, or in the exercise of reasonable care, should have discovered in conscious disregard of their duties to Mrs. Ripka and other individuals lawfully at the WBVA;

h. Recklessly failing to inspect and discover the hazardous and unsafe conditions that existed then and there within Elevator 8;

i. Knowing or in the exercise of reasonable care failing to know and warn of the dangerous condition, and allowing it to exist in reckless disregard for the safety of Mrs. Ripka; and

j. Acting or failing to act in conscious disregard of Mrs. Ripka's rights and safety.

36. As a result of the above-stated acts and omissions, Mrs. Ripka has suffered such harm as has been previously stated herein.

**WHEREFORE,** Plaintiff, Dennelle Ripka, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, including compensatory and punitive damages, in an amount in excess of $75,000.

## COUNT III
## NEGLIGENT UNDERTAKING
## DENNELLE RIPKA v. THYSSENKRUPP ELEVATOR CORPORATION

37. The preceding paragraphs are incorporated herein as though fully set forth below.

38. Defendant Thyssenkrupp is subject to liability for the physical harm caused to third persons for its failure to exercise reasonable care to protect its undertakings.

39. Defendant Thyssenkrupp had a contractual obligation to maintain, inspect and repair the elevators with the WBVA facility, including Elevator 8 which was utilized by Mrs. Ripka at the time of the incident.

40. Defendant Thyssenkrupp undertook, for consideration, a duty to render services for the WBVA.

41. Defendant Thyssenkrupp assumed an obligation to render elevator inspection, maintenance and repair services to WBVA.

42. Defendant Thyssenkrupp owed a duty of care to those third parties legally within the WBVA, including Mrs. Ripka.

43. Defendant Thyssenkrupp failed to exercise reasonable care in failing to adequately and inspect, maintain and repair Elevator 8.

44. Defendant Thyssenkrupp undertook the performance of said duties and was negligent in its undertaking in the following ways:

   a. Allowing a dangerous and hazardous condition to exist when Thyssenkrupp knew or should have known Elevator 8 had the propensity to suddenly free fall and/or descend;

b. Having knowledge, either actual or constructive, of the dangerous condition that existed within Elevator 8 and failing to repair and/or put it out of service in conscious disregard of said knowledge;

c. Consciously choosing not to properly and adequately repair and/or maintain Elevator 8, when Thyssenkrupp knew or should have known that it had the propensity to suddenly free fall and/or descend;

d. Failing to properly and/or adequately inspect, maintain and/or repair Elevator 8 in violation of industry standards;

e. Failing to make repairs which were necessary and proper to ensure the safe operation of Elevator 8;

f. Failing to ensure that adequate safety mechanisms were installed on Elevator 8;

g. Failing to warn of the dangerous and hazardous condition which Thyssenkrupp knew or should have known existed within Elevator 8 or otherwise failing to take necessary precautions with respect to said condition to prevent injury;

h. Failing to warn individuals, including Mrs. Ripka, of the hazardous condition that existed within Elevator 8, which constituted a hazard that Thyssenkrupp knew, or in the exercise of reasonable care, should have discovered in conscious disregard of their duties to Mrs. Ripka and other individuals lawfully at the WBVA;

i. Recklessly failing to inspect and discover the hazardous and unsafe conditions that existed then and there within Elevator 8;

j. Knowing or in the exercise of reasonable care failing to know and warn of the dangerous condition, and allowing it to exist in reckless disregard for the safety of Mrs. Ripka; and

k. Acting or failing to act in conscious disregard of Mrs. Ripka's rights and safety.

45. As a result of the above-stated acts and omissions, Mrs. Ripka suffered such harm as has been previously stated herein.

**WHEREFORE,** Plaintiff, Dennelle Ripka, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, including compensatory and punitive damages, in an amount in excess of $75,000.

## COUNT IV
## NEGLIGENT UNDERTAKING
## DENNELLE RIPKA v. TK ELEVATOR CORPORATION

46. The preceding paragraphs are incorporated herein as though fully set forth below.

47. Defendant TK Elevator is subject to liability for the physical harm caused to third persons for its failure to exercise reasonable care to protect its undertakings.

48. Defendant TK Elevator had a contractual obligation to maintain, inspect and repair the elevators with the WBVA facility, including Elevator 8 which was utilized by Mrs. Ripka at the time of the incident.

49. Defendant TK Elevator undertook, for consideration, a duty to render services for the WBVA.

50. Defendant TK Elevator assumed an obligation to render elevator inspection, maintenance and repair services to WBVA.

51. Defendant TK Elevator owed a duty of care to those third parties legally within the WBVA, including Mrs. Ripka.

52. Defendant TK Elevator failed to exercise reasonable care and increased the risk of harm to Plaintiff and others lawfully using Elevator 8 in failing to adequately inspect, maintain and repair Elevator 8.

53. Defendant TK Elevator undertook the performance of said duties and was negligent in its undertaking in the following ways:

   a. Allowing a dangerous and hazardous condition to exist when TK Elevator knew or should have known Elevator 8 had the propensity to suddenly free fall and/or descend;

   b. Having knowledge, either actual or constructive, of the dangerous condition that existed within Elevator 8 and failing to repair and/or put it out of service in conscious disregard of said knowledge;

   c. Consciously choosing not to properly and adequately repair and/or maintain Elevator 8, when TK Elevator knew or should have known that it had the propensity to suddenly free fall and/or descend;

   d. Failing to properly and/or adequately inspect, maintain and/or repair Elevator 8 in violation of industry standards;

   e. Failing to make repairs which were necessary and proper to ensure the safe operation of Elevator 8;

   f. Failing to ensure that adequate safety mechanisms were installed on Elevator 8;

   g. Failing to warn of the dangerous and hazardous condition which TK Elevator knew or should have known existed within

        Elevator 8 or otherwise failing to take necessary precautions with respect to said condition to prevent injury;

    h. Failing to warn individuals, including Mrs. Ripka, of the hazardous condition that existed within Elevator 8, which constituted a hazard that TK Elevator knew, or in the exercise of reasonable care, should have discovered in conscious disregard of their duties to Mrs. Ripka and other individuals lawfully at the WBVA;

    i. Recklessly failing to inspect and discover the hazardous and unsafe conditions that existed then and there within Elevator 8;

    j. Knowing or in the exercise of reasonable care failing to know and warn of the dangerous condition, and allowing it to exist in reckless disregard for the safety of Mrs. Ripka; and

    k. Acting or failing to act in conscious disregard of Mrs. Ripka's rights and safety.

54. As a result of the above-stated acts and omissions, Mrs. Ripka suffered such harm as has been previously stated herein.

**WHEREFORE,** Plaintiff, Dennelle Ripka, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, including compensatory and punitive damages, in an amount in excess of $75,000.

<u>**COUNT V**</u>

<u>**LOSS OF CONSORTIUM**</u>

<u>**JOHN RIPKA, JR. v. ALL DEFENDANTS**</u>

55. The preceding paragraphs are incorporated herein as though fully set forth below.

56. As a result of the foregoing and the injuries sustain by Plaintiff, John Ripka, Jr. has suffered the loss of attention, assistance, services, comfort, consortium, society, and companionship of his wife, Dennelle Ripka, and will continue to suffer all of the same for an indefinite period of time into the future, a claim for which is herein made.

**WHEREFORE,** Plaintiff, John Ripka Jr., seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, in an amount in excess of $75,000.

Respectfully submitted:

**FELLERMAN & CIARIMBOLI LAW, P.C.**

BY: _____
Myer S. Messinger, Esquire
Fellerman & Ciarimboli Law, P.C.
183 Market Street, Suite 200
Kingston, PA 18704
570-718-1444
*Counsel for Plaintiffs*

Date: August 4, 2021