**SHIMBERG & FRIEL, P.C.**
**Attorneys at Law**
BY: Kevin B. Golden, Esquire
Attorney ID No.: 306815
20 Brace Road, Suite 350
Cherry Hill, NJ 08034
(856) 857-0700
Attorneys for Defendant, TK Elevator Corporation f/k/a ThyssenKrupp Elevator Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNELLE RIPKA and JOHN RIPKA, JR., her husband<br><br>Plaintiff,<br><br>v.<br><br>THYSSENKRUPP ELEVATOR CORPORATION, and TK ELEVATOR CORPORATION,<br><br>Defendants. | CASE NO.: 3:21-cv-01360 |

### ANSWER AND NEW MATTER OF DEFENDANT, TK ELEVATOR CORPORATION, FORMERLY KNOWN AS THYSSENKRUPPP ELEVATOR CORPORATION TO PLAINTIFFS' COMPLAINT

Defendant, TK Elevator Corporation f/k/a ThyssenKrupp Elevator Corporation, (hereinafter "Answering Defendant"), by and through their attorneys, Shimberg & Friel, P.C., hereby answer Plaintiffs' Complaint in corresponding numbered paragraphs as follows:

1. Denied. After reasonable investigation, Answering Defendant lacks information sufficient to form a belief as to the truth of these allegations and they are accordingly denied.

2. Denied. After reasonable investigation, Answering Defendant lacks information sufficient to form a belief as to the truth of these allegations and they are accordingly denied.

3. Denied. After reasonable investigation, Answering Defendant lacks information sufficient to form a belief as to the truth of these allegations and they are accordingly denied.

4. Admitted, however, ThyssenKrupp Elevator Corporation is now known as TK Elevator Corporation.

5. Denied. ThyssenKrupp Elevator Corporation is now known as TK Elevator Corporation. Further, its corporate headquarters is located at 788 Circle Parkway SE, Suite 5W, Atlanta, GA.

6. Admitted.

7. Denied. TK Elevator's Corporate Headquarters is at 788 Circle Parkway SE, Suite 5W, Atlanta, GA.

8. Admitted.

9. Denied. After reasonable investigation, Answering Defendant lacks information sufficient to form a belief as to the truth of these allegations and they are accordingly denied.

10. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

11. Denied. After reasonable investigation, Answering Defendant lacks information sufficient to form a belief as to the truth of these allegations and they are accordingly denied.

12. Denied. After reasonable investigation, Answering Defendant lacks information sufficient to form a belief as to the truth of these allegations and they are accordingly denied.

13. Denied. After reasonable investigation, Answering Defendant lacks information sufficient to form a belief as to the truth of these allegations and they are accordingly denied.

**OPERATIVE FACTS COMMON TO ALL COUNTS**

9.(sic) Answering Defendant incorporates by reference its responses to the preceding allegations of Plaintiffs' Complaint as though fully set forth in their entirety.

10.(sic) Denied. After reasonable investigation, Answering Defendant lacks information sufficient to form a belief as to the truth of these allegations and they are accordingly denied.

11.(sic) Denied. After reasonable investigation, Answering Defendant lacks information sufficient to form a belief as to the truth of these allegations and they are accordingly denied.

12.(sic) Denied. After reasonable investigation, Answering Defendant lacks information sufficient to form a belief as to the truth of these allegations and they are accordingly denied.

13.(sic)   Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

14.   Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

15.   Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

16.   Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

17.   Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

18.   Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

19.   Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

20. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

21. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

22. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

23. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

24. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

25. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

26. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

27. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

28. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

29. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

30. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

31. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

**COUNT I**
**NEGLIGENCE/RECKLESSNESS**
**DENNELLE RIPKA v. THYSSENKRUPP ELEVATOR CORPORATION**

29.(sic) Answering Defendant incorporates by reference its responses to the preceding allegations of Plaintiffs' Complaint as though fully set forth in their entirety.

30.(sic) Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

31.(a-k) (sic)   Denied.  These allegations are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.

32.   Denied.  These allegations are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.

**WHEREFORE**, Answering Defendant demands judgment dismissing the Plaintiffs' Complaint, together with an award of counsel fees and costs incurred by Answering Defendant, and for such other relief as this Court may deem equitable and just.

**COUNT II**
**NEGLIGENCE/RECKLESSNESS**
**DENNELLE RIPKA v. TK ELEVATOR CORPORATION**

33.   Answering Defendant incorporates by reference its responses to the preceding allegations of Plaintiffs' Complaint as though fully set forth in their entirety.

34.   Denied.  These allegations are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.

35 (a-j).   Denied.  These allegations are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.

36. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

**WHEREFORE**, Answering Defendant demands judgment dismissing the Plaintiffs' Complaint, together with an award of counsel fees and costs incurred by Answering Defendant, and for such other relief as this Court may deem equitable and just.

## COUNT III
## NEGLIGENT UNDERTAKING
## DANNELLE RIPKA v. THYSSENKRUPP ELEVATOR CORPORATION

37. Answering Defendant incorporates by reference its responses to the preceding allegations of Plaintiffs' Complaint as though fully set forth in their entirety.

38. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

39. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

40. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

41. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

42. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

43. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

44 (a-k). Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

45. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

**WHEREFORE**, Answering Defendant demands judgment dismissing the Plaintiffs' Complaint, together with an award of counsel fees and costs incurred by Answering Defendant, and for such other relief as this Court may deem equitable and just.

## COUNT IV
## NEGLIGENT UNDERTAKING
## DENNELLE RIPKA v. TK ELEVATOR CORPORATION

46. Answering Defendant incorporates by reference its responses to the preceding allegations of Plaintiffs' Complaint as though fully set forth in their entirety.

47. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

48. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

49. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

50. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

51. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

52. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

53 (a-k). Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

54. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

**WHEREFORE**, Answering Defendant demands judgment dismissing the Plaintiffs' Complaint, together with an award of counsel fees and costs incurred by Answering Defendant, and for such other relief as this Court may deem equitable and just.

### COUNT V
### LOSS OF CONSORTIUM
### JOHN RIPKA, JR. v. ALL DEFENDANTS

55. Answering Defendant incorporates by reference its responses to the preceding allegations of Plaintiffs' Complaint as though fully set forth in their entirety.

56. Denied. These allegations are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

**WHEREFORE**, Answering Defendant demands judgment dismissing the Plaintiffs' Complaint, together with an award of counsel fees and costs incurred by Answering Defendant, and for such other relief as this Court may deem equitable and just.

## SEPARATE DEFENSES

1. Plaintiffs' claim may be barred by applicable Statute of Limitations and/or Statute of Repose.

2. Plaintiffs may have been contributorily negligent.

3. Plaintiffs may have been comparatively negligent.

4. Plaintiffs' claims are barred because they fail to state a claim upon which relief may be granted and Answering Defendant reserves the right to move at or before the time of trial to dismiss same.

5. Answering Defendant was not negligent, careless, or reckless and did not commit any of the wrongful acts or omissions complained of in Plaintiffs' Complaint.

6. Answering Defendant performed each and every duty which was owed to Plaintiffs and otherwise owed no duty.

7. The alleged damages were not the proximate result of the acts or omissions of Answering Defendant.

8. Plaintiffs may be barred from recovery against Answering Defendant in that the incident/damages, if any, were caused by entities other than Answering Defendant and/or entities or persons not under the control of Answering Defendant.

9. Plaintiffs may have assumed the risk.

10. Answering Defendant may not be amenable to the jurisdiction of this Court as there is no personal or subject matter jurisdiction, venue is improper, service of process was insufficient, and process was insufficient.

11. The claims set forth in Plaintiffs' Complaint may be barred, in whole or in part, by the doctrines of laches, unclean hands, res judicata, privilege, Statute of Frauds, justification, immunity from suit, consent, discharge in bankruptcy, accord and satisfaction, fraud, estoppel or waiver.

12. Plaintiffs may have signed a release discharging the claims asserted against Answering Defendant.

13. Plaintiffs have failed to join a necessary or indispensable party without whom this action cannot proceed.

14. Any recovery against Answering Defendant must be reduced to the extent Plaintiffs have failed to mitigate, minimize or avoid the claimed damages.

15. Plaintiffs' alleged damages may have been caused by superseding and/or intervening acts of others over whom Answering Defendant had no control.

16. Answering Defendant's duties and responsibilities with respect to the elevators at the subject property were controlled by a contract between Answering Defendant and Wilkes Barre Veterans Affairs Hospital.

17. The scope of duty owed by Answering Defendant is defined by the contract in force at the time of the accident and Answering Defendant raises this contract as a defense and a bar, in whole or in part, to Plaintiffs' claims.

18. Answering Defendant at all times properly performed its duties and obligations as set forth in the applicable contract with Wilkes Barre Veterans Affairs Hospital.

19. Plaintiffs' Complaint contains allegations of recklessness suggesting that punitive damages might be sought. Plaintiffs are not entitled to punitive damages against Answering Defendant.

20. Any claim for punitive damages is unconstitutional under the constitutions of the Commonwealth of Pennsylvania and the United States of America.

21. Answering Defendant did not own or have exclusive management, possession and control of the subject elevator at any relevant time herein.

22. *Res Ipsa Loquitur* is not applicable to this case.

SHIMBERG & FRIEL, P.C.
Attorneys for Defendants,
TK Elevator Corporation, also f/k/a
ThyssenKrupp Elevator Corporation

By: /s/ Kevin B. Golden
      Kevin B. Golden

Dated: October 15, 2021

## CERTIFICATION OF SERVICE

I, Kevin B. Golden, Esquire, certify a true and correct copy of an Entry of Appearance for Defendant, TK Elevator Corporation, f/k/a ThyssenKrupp Elevator Corporation, was submitted to court to be filed and served this date via electronic filing upon counsel of record for all parties on October 15, 2021.

By: /s/ Kevin B. Golden
Kevin B. Golden, Esquire
Attorneys for Defendant,
TK Elevator Corp., f/k/a ThyssenKrupp
Elevator Corporation

Dated: October 15, 2021